UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA SGAMBATI,

                        Plaintiff,

      - against -

THE CITY OF NEW YORK and MICHAEL YOUSSEF,

                        Defendants.
------------------------------------------------------------X

No. 24-CV-411

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, by her attorneys, The Fu Firm PLLC, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State and City of New York.

2. As discussed below, on June 6, 2022, Plaintiff was attacked by her then-boyfriend. A good Samaritan intervened and called the police.

3. However, Plaintiff's nightmare did not stop there, as Defendants arrested her for allegedly attacking her boyfriend even though they knew that this was not true.

4. As a result, Plaintiff was arrested, chained to a pipe, and charged with crimes. The charges against Plaintiff were ultimately dismissed.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. §§ 1983 and 1988.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

7. Supplemental jurisdiction exists over all state law claims that are related to the federal claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose within the confines of this judicial district.

## THE PARTIES

9. Plaintiff Maria Sgambati is an individual residing in Staten Island, New York.

10. Defendant the City of New York (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York. At all relevant times, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Michael Youssef was at all relevant times a Detective employed by the NYPD, acting within the course of his employment and under color of state law.

## FACTUAL ALLEGATIONS

12. On the evening of June 6, 2022, Plaintiff was attacked near her apartment building in the West Brighton neighborhood of Staten Island by her then-boyfriend.

13. The boyfriend forced Plaintiff back to her apartment building.

14. Thankfully, a woman witnessed the incident and was able to intervene enough to cause the boyfriend to stop attacking Plaintiff.

15. Upon information and belief, this woman called the police.

16. Soon after, the boyfriend left the scene.

17. Police officers from the NYPD's 120th Precinct reported to the scene.

18. These police officers arrived at about 7:00 PM and took a report from Plaintiff.

19. Upon information and belief, the police officers also interviewed witnesses.

20. That same evening, Plaintiff's then-boyfriend filed a false domestic incident report asserting that *Plaintiff attacked him at his residence*, which was several miles away from Plaintiff's.

21. Plaintiff's boyfriend claimed that Plaintiff had scratched and bit him.

22. Plaintiff's boyfriend claimed to officers assigned to the NYPD's 122nd Precinct that Plaintiff attacked him at or around 7:30 PM.

23. However, at or around 7:30 PM, Plaintiff was at her residence talking with the police officers from the 120th precinct.

24. On June 20, 2022, Plaintiff received an email from Defendant Youssef of the 122nd Precinct, asking her to call him.

25. Plaintiff then called Defendant Youssef.

26. Defendant Youssef told Plaintiff that her boyfriend had told the police that she had attacked him on June 6, 2022.

27. Defendant Youssef told Plaintiff that he believed that the boyfriend's report was false because Youssef had seen camera footage of the attack on Plaintiff at Plaintiff's apartment.

28. Defendant Youssef told Plaintiff that he believed that any marks or scratches on Plaintiff's boyfriend occurred because Plaintiff was defending herself.

29. Defendant Youssef then asked Plaintiff to go to the 122nd Precinct.

30. On June 24, 2022, Plaintiff went to the 122nd Precinct.

31. Upon arrival, she was searched and then handcuffed to a pipe against a wall in the holding area.

32. Several hours later, Plaintiff was processed and taken to Staten Island central booking.

33. Plaintiff was eventually arraigned and released.

34. Plaintiff was charged with assault and harassment.

35. Plaintiff was forced to appear in court several times.

36. On or around September 26, 2022, these false charges were dismissed.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 - False Arrest

37. Plaintiff repeats and realleges each and every allegation set forth above.

38. Defendant Youssef deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, and of her liberty, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

39. Defendant Youssef lacked probable cause to arrest Plaintiff.

40. Plaintiff was conscious of her confinement and did not consent to it.

## SECOND CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. - False Arrest

41. Plaintiff repeats and realleges each and every allegation set forth above.

42. Defendant Youssef is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

43. Defendant Youseff deprived Plaintiff of her rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

44. As the employer of Defendant Youssef, the City is liable for his wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

### THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Malicious Prosecution

45. Plaintiff repeats and realleges each and every allegation set forth above.

46. By the actions described above, Defendant Youseff deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure pursuant to legal process.

47. By forwarding false or misleading information and/or withholding evidence from prosecutors that tended to show Plaintiff's innocence from the prosecution, Defendant Youseff initiated a criminal proceeding against Plaintiff.

48. There was no probable cause to prosecute Plaintiff.

49. The criminal proceedings terminated in Plaintiff's favor.

50. Defendant Youseff acted with actual malice.

### FOURTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq*. – Malicious Prosecution

51. Plaintiff repeats and realleges each and every allegation set forth above.

52. By the actions described above, Defendant Youseff deprived Plaintiff of her rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable seizure pursuant to legal process.

53. As the employer of Defendant Youssef, the City is liable for his wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. For compensatory damages in an amount to be determined at trial;

b. For punitive damages to the extent allowable by law;

c. For costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988, N.Y.C. Admin. Code § 8-805, and the inherent powers of this Court;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other and further relief as this Court deems just and proper.

Dated: January 19, 2024
      New York, NY

THE FU FIRM PLLC

By: */s/ Yan Fu*
    Yan Fu
    43 W. 43rd Street, Suite 205
    New York, NY 10036
    (212) 584-0581
    yfu@thefufirm.com
    *Counsel for Plaintiff*